25 F.3d 1059
 5 NDLR P 125
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Karen J. YARBROUGH, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, United States of America,
Defendants-Appellees.
 No. 93-2320.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff brought a claim against the United States under the Federal Torts Claim Act, 28 U.S.C. 2671, for the injuries she suffered when she fell into a pothole after leaving the United States Post Office in Moriarty, New Mexico. Defendant moved for summary judgment, which the district court granted without discussion in a one-page Order. Although the district court expressed its reasoning for granting summary judgment to Defendant at length during oral argument, the parties on appeal have not provided this court with a transcript of the district judge's statements. Nevertheless, we agree with the district court that granting summary judgment in favor of Defendant was appropriate, and therefore affirm.
 
 
 3
 On March 18, 1992, Plaintiff, who is considered a handicapped person by the New Mexico Department of Motor Vehicles and holds identification permitting her to park in spaces designated for handicap parking, visited the U.S. Post Office in Moriarty, New Mexico. Because there were no handicap parking places set aside, and presumably also because the parking lot was full, Plaintiff parked her car on a nearby street, to which she returned after completing her business at the post office. On the way back to her car, Plaintiff stepped into a pothole in the street and fell to the ground, injuring her right knee. Plaintiff alleges that the post office breached its duty of reasonable care by not installing handicap parking spaces, which she claims caused her to fall in the pothole. Defendant responds, in essence, that it did not breach a duty of care because no statute exists on point which requires the post office to install handicap parking spaces.
 
 
 4
 Although the government is incorrect in its view that the lack of a statute on point prohibiting its behavior automatically means that it did not violate a duty of care, we agree that Plaintiff's theory fails because her causation nexus is far too tenuous to sustain a cause of action in tort. Plaintiff has not alleged that Defendant maintains or has any control over the road with the pothole that caused her accident. Instead, she alleges that the failure to have a handicap parking space was the proximate cause of her injury. However, if the post office had installed a handicap parking space, as Plaintiff alleges it should have, there is no guarantee that the handicap space would not have been occupied when Plaintiff arrived at the post office. In essence, therefore, the reason why Plaintiff was forced to park across the street was because the parking lot was full, not because of a lack of handicap parking spaces. We cannot impose on the post office a duty to ensure that everyone who uses its services has access to parking on its lot. Considering that the post office did not have control over the ground where the pothole was found, it did not breach a legal duty by not ensuring Plaintiff a parking spot in its parking lot.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470